FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
1/7/2022 5:13 PM
KATHLEEN VIGIL CLERK OF THE COURT
Bernadette Hernandez

**STATE OF NEW MEXICO**
**COUNTY OF SANTA FE**
**FIRST JUDICIAL DISTRICT COURT**

**ANGELA CARSON and**
**BRENNAN MOORES,**

        **Plaintiff,**

**v.**                          **NO.** _D-101-CV-2022-00060_

**PEHAJ TRUCK LINE, INC. d/b/a NK**
**TRANSPORT and CHARANJIT SINGH,**

        **Defendants.**

### PLAINTIFFS' COMPLAINT FOR PERSONAL INJURIES

COMES NOW Plaintiffs Mario Mayorga and Brennan Moores ("Plaintiffs"), by and through their attorneys, Zinda Law Group, PLLC (S. Burgess Williams), and make the following allegations against Defendants:

### I.    PARTIES, JURISDICTION, & VENUE

1.    Plaintiff Angela Carson ("Plaintiff Carson") is an individual and is now, and at all time mentioned in this Complaint was, residing at 454 Tortoise Bay Road, Higden, Arkansas 72067.

2.    Plaintiff Brennan Moores ("Plaintiff Moores") is an individual and is now, and at all time mentioned in this Complaint was, residing at 454 Tortoise Bay Road, Higden, Arkansas 72067.

3.    Defendant Pehaj Truck Lines, Inc. d/b/a NK Transport ("Defendant Pehaj") is a corporation formed under the laws of Texas. Defendant Pehaj can be served through its registered agent, Pritpal Singh, at 4321 Planet Circle, Union City, California 94587 and/or Jerry Hayes at 4809 Jefferson Street NE, Albuquerque, New Mexico 87109.



4.      Defendant Charanjit Singh ("Defendant Singh") is an individual who, upon information and belief, is a resident of California. Defendant Singh may be served his residence, 8419 Brooklyn Road, Sacramento, California 95829, or wherever he may be found.

5.      Plaintiffs' claims arise under the common law and statutory laws of New Mexico. The Court, therefore, has subject matter jurisdiction. *See* Art. VI, § 13, New Mexico Constitution.

6.      Venue is proper in Santa Fe County pursuant to NMSA § 38-3-1 because Defendants are not residents of this state.

7.      Plaintiffs seek damages in excess of the minimum jurisdictional limits of the Court.

## II.    FACTUAL BACKGROUND

8.      On or about September 30, 2021, Plaintiffs were traveling westbound on Interstate 40 in their 1998 Dodge Ram pickup truck in Torrance County, New Mexico.

9.      Plaintiff Moores was driving the vehicle in a reasonable and prudent manner and was exercising ordinary care for his safety and those around him at all times relevant herein.

10.     Plaintiff Carson was a passenger in Plaintiff Moores' vehicle.

11.     At the same time, Defendant Singh was driving a 2019 Freightliner tractor-trailer combination behind Plaintiffs.

12.     Defendant's Singh's commercial driver's license was expired at all times relevant herein.

13.     At the time of the collision, Defendant Sing was operating his vehicle in the scope of his employment with Defendant Pehaj.

14.     Plaintiffs stopped due to the traffic in front of him at a construction zone.

15.     Defendant Singh was traveling at an unsafe speed for the conditions.

16.     Defendant Singh attempted to move to the left onto the shoulder, but then struck the passenger rear side of Plaintiffs' vehicle.

17.     The force of the collision then propelled Plaintiffs' vehicle into a guardrail.

18.     As a direct and proximate result of Defendant Singh's collision into Plaintiffs, Plaintiffs suffered harms and losses in an amount to be determined at trial.

### III.     CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
**(Negligence of Defendant Singh)**

19.     Plaintiffs incorporate herein by reference the allegations described above.

20.     At all times relevant herein, Defendant Singh was operating a commercial motor vehicle.

21.     In order to undertake such actions, Defendant Singh is required to have, at a minimum, the knowledge and skills necessary for the safe operation of the commercial motor vehicle.

22.     The safe operation of commercial motor vehicles requires specialized knowledge, skill, and additional training not necessary for the safe operation of passenger vehicles because:

    a.  commercial motor vehicles are heavier than passenger vehicles and take longer to stop, as compared to a passenger car operating at the same pre-braking speed;

    b.  commercial motor vehicles are heavier than passenger vehicles and cause more significant property damage and/or personal injury or death in collisions, as compared to passenger cars operating at the same pre-collision speed and trajectory;

    c.  commercial motor vehicles are heavier than passenger vehicles and cause more significant property damage and/or personal injury or death in collisions, as

compared to passenger cars operating at the same pre-collision speed and
trajectory; and

d.  commercial motor vehicles pose more of a risk of causing injury, death, or
property damage in a collision, as compared to a collision involving a passenger
vehicle operating at the same pre-collision speed and trajectory.

23.     In order to undertake the safe operation of a commercial motor vehicle, drivers such
as Defendant Singh must have knowledge and skills in many areas, including the following:

a.  the procedures for safe vehicle operation;

b.  the proper procedures for performing basic maneuvers such as changing lanes
and space management;

c.  the importance driving without distractions; and

d.  the importance of understanding the effects of speed, including speed and
visibility and speed and traffic flow.

24.     In addition to the basic knowledge and skills referenced above, it is standard in the
industry for commercial motor vehicle drivers to understand the well-known danger of refusing to
observe traffic conditions and merging or changing lanes without first ensuring that the merge or
lane change can be made safely.

25.     In addition to the basic knowledge and skills referenced above, it is standard in the
industry for commercial motor vehicle drivers to understand that it is reasonably foreseeable that
refusing to observe the condition of traffic and merging or changing lanes without first ensuring
that the merge or lane change can be made safely, could cause a collision and harms and losses.

26.     In addition to the basic knowledge and skills referenced above, it is standard in the
industry for commercial motor vehicle drivers to understand the foreseeable dangers of refusing

to observe traffic conditions and merging or changing lanes without first ensuring that the merge or lane change can be made safely.

27.     Defendant Singh owed duties of ordinary care to Plaintiffs and other motorists on the roadway at all times relevant herein. Defendant Singh's careless, negligent, and unlawful acts directly and proximately caused the harms and losses Plaintiffs incurred in one or more of the following particulars:

        a.     maintaining an unsafe distance from other cars;

        b.     keeping an improper lookout;

        c.     traveling at an unreasonable speed given the circumstances;

        d.     making an untimely and improper application of his brakes;

        e.     exhibiting inadequate driver attention;

        f.     driving distracted;

        g.     taking improper evasive actions to avoid the collision;

        h.     refusing to observe traffic conditions;

        i.     improperly communicating his presence;

        j.     refusing to properly manage space around his tractor-trailer; and

        k.     choosing to violate safety rules.

28.     As a direct and proximate result of the foregoing acts and/or omissions, Plaintiffs suffered personal injuries and resulting damages in an amount to be determined at trial.

29.     Defendant Singh's careless, negligent, willful, wanton, reckless, and unlawful acts were the direct and proximate cause of the collision and Plaintiffs' resulting harms and losses

### THIRD CLAIM FOR RELIEF
*(Respondeat Superior)*

30.    Plaintiffs incorporate herein by reference the allegations described above.

31.    Without waiving the foregoing, in conjunction with, additionally and/or alternatively, Plaintiffs would further show this Court that Defendant Singh was in the course and scope of his employment with Defendant Pehaj at the time of this collision.

32.    Under the doctrine of *Respondeat Superior*, Defendant Pehaj is responsible for Plaintiffs' damages Defendant Singh's negligence caused as alleged above.

### FOURTH CLAIM FOR RELIEF
(Negligence of Defendant Pehaj)

33.    Plaintiffs incorporate herein by reference the allegations described above.

34.    At all times relevant herein, Defendant Pehaj operated as a commercial motor carrier.

35.    In return for the privilege to operate commercial motor vehicles on public roadways, prospective motor carriers must make certain safety related certifications and verifications.

36.    Motor carriers such as Defendant Pehaj are required to submit a Form MCS-150 to the Federal Motor Carrier Safety Administration ("FMCSA") and obtain a United States Department of Transportation ("USDOT") number.

37.    Each Form MCS-150 Defendant Pehaj submitted or will submit contains a Certification Statement whereby Defendant Pehaj declares under the penalty of perjury that it is familiar with the Federal Motor Carrier Safety Regulations ("FMCSR") and/or Federal Hazardous Materials Regulations.

19.     Motor carriers such as Defendant Pehaj are required to submit a Form OP-l to the Federal Motor Carrier Administration in order to receive interstate operating authority.

20.     The Form OP-l Defendant Pehaj submitted contains a "Safety Certification", certifying to the Federal Motor Carrier Safety Administration that Defendant Pehaj is subject to the pertinent portions of the US DOT's Federal Motor Carrier Safety Regulations ("FMCSR") at 49 CFR, Chapter 3, Subchapter B (Parts 350-399).

21.     The Form OP-l Defendant Pehaj submitted contains a "Safety Certification", certifying to the Federal Motor Carrier Safety Administration that it has access to, and is familiar with, all applicable US DOT regulations relating to the safe operation of commercial vehicles and that they will comply with the regulations.

22.     Each Form OP-l Defendant Pehaj submitted contains a "Safety Certification", certifying to the Federal Motor Carrier Safety Administration that, at a minimum, it:

    a.     has in place a system and an individual responsible for ensuring overall compliance with the FMCSR;

    b.     can produce a copy of the FMCSR;

    c.     has in place a driver safety training/orientation program;

    d.     is familiar with US DOT regulations governing driver qualifications and have in place a system for overseeing driver qualification requirements (49 CFR Parts 391); and

    e.     has in place policies and procedures consistent with DOT regulations governing driving and operational safety of motor vehicles.

38.     Reasonably safe motor carriers develop and implement policies, practices, and procedures to give effect to the minimum safety standards contained in the FMCSR.

39.     Reasonably safe motor carriers train and educate their drivers regarding the safe operation of commercial motor vehicles.

40.     Reasonably safe motor carriers utilize information and training materials from industry associations and third-party safety vendors such as J.J. Keller & Associates, Inc., the "Smith System," or the National Safety Council to train and educate their drivers regarding the safe operation of commercial motor vehicles.

41.     The safe operation of commercial motor vehicles includes practices and procedures related to observing the condition of traffic before merging or changing lanes to ensuring that the merge or lane change can be made safely.

42.     Reasonably safe motor carriers utilize publicly available government, industry, and trade publications regarding the preventability of highway collisions to design, develop, and implement safety management controls, which are designed to reduce collisions involving commercial motor vehicles.

43.     Reasonably safe motor carriers never allow or permit a driver to operate their commercial motor vehicles if the driver does not have the required knowledge or skill to safely operate the vehicle.

44.     Defendant Pehaj's careless, negligent, willful, wanton, reckless, and unlawful acts directly and proximately caused Plaintiffs' harms and losses in one or more of the following particulars by refusing to use reasonable care by:

        a.  refusing to design, develop, and implement adequate safety management controls related to following too closely;

        b.  refusing to train Defendant Singh in the well-known dangers of refusing to observe traffic conditions and following too closely;

c.  refusing to properly monitor and supervise the driving habits of its drivers, employees, and/or agents, specifically Defendant Singh;

d.  refusing to properly instruct its drivers, employees, and/or agents, specifically Defendant Singh;

e.  refusing to comply with federal and/or state regulations and industry standards, as referenced in this Complaint and as developed during the discovery in this case;

f.  improperly auditing the logs and supporting documentation of its drivers, employees, and/or agents, specifically Defendant Singh;

g.  refusing to utilize available information to properly monitor its drivers, employees, and/or agents, specifically Defendant Singh for compliance with company polices and/or state and federal regulations;

h.  allowing Defendant Singh to operate a commercial motor vehicle despite having knowledge of his inability to do so safely;

i.  allowing Defendant Singh to operate a commercial motor vehicle despite having knowledge that he was not licensed;

j.  refusing to implement adequate safety management controls to ensure compliance with the required safety fitness standard;

k.  refusing to utilize available technology to monitor and audit the safety performance of its drivers, including Defendant Singh; and

l.  negligently hiring, training, and supervising Defendant Singh.

45.  Defendant Pehaj's careless, negligent, willful, wanton, reckless, and unlawful acts were the direct and proximate cause of the collision and Plaintiffs' resulting harms and losses.

## IV.   DAMAGES

46.     Plaintiffs incorporate herein by reference the allegations described above.

47.     As a result of the acts and/or omissions of these Defendants, Plaintiffs suffered injuries and damages.  Plaintiffs are entitled to damages, both past and future, including, but not limited to, medical costs, lost wages, loss of earning capacity, pain and suffering, mental anguish, physical impairment, and any other damages that will be proved at trial.

48.     Plaintiffs plead for punitive damages against Defendants.

49.     Plaintiffs plead for all other damages, pecuniary or otherwise, arising out of law or equity, that they may be justly and equitably entitled to, in the wisdom of the Court.

## V.   PUNITIVE DAMAGES

50.     All previous paragraphs are incorporated by reference.

51.     In addition to conduct stated above, giving rise to negligence liability, Defendants also acted intentionally, maliciously, willfully, recklessly, and/or with wanton disregard for the safety of others.

52.     Among others, these intentional, malicious, willful, reckless, and/or wanton acts and omissions of Defendants, either singularly, in combination, or based on the cumulative conduct of employees of Defendant Pehaj, were a cause of Plaintiffs' injuries and damages. Accordingly, Defendants are liable for punitive damages.

## VI.   PRAYER & REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

   a.  for special and actual damages in an amount to be proved at trial and as allowed by law;

   b.  for punitive damages in an amount to be proved at trial and as allowed by law;

c.   for pre-judgment and post-judgment interest as allowed by law;

d.   for costs of court; and

e.   for such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

/s/ *S. Burgess Williams*
S. Burgess Williams
**ZINDA LAW GROUP**
8843 North Capital of Texas Highway
Suite 304
Austin, Texas 78759
(512) 246-2224 Office
(512) 580-4252 FAX
burgess@zdfirm.com
**Service of Documents: service@hzfirm.com**

*Attorneys for Plaintiff*

<table>
<tr><td colspan="2" align="center"><strong>SUMMONS</strong></td></tr>
</table>

| | |
|---|---|
| District Court: FIRST JUDICIAL<br>Santa Fe County<br>Court Address:<br>225 Montezuma Ave<br>Santa Fe, New Mexico 87504<br>Court Telephone No.: (505) 455-8250 | Case Number: D-101-CV-2022-00060<br><br>Assigned Judge:<br>  Case assigned to Biedscheid, Bryan |
| Plaintiff:<br><br>ANGELA CARSON and BRENNAN MOORES,<br><br>vs.<br><br>Defendants:<br><br>PEHAJ   TRUCK   LINE,   INC.   d/b/a   NK<br>TRANSPORT and CHARANJIT SINGH | Defendant:<br>Pehaj Truck Lines, Inc. d/b/a NK<br>Transport<br><br>Name: Pritpal Singh<br>Address:<br>4321 Planet Circle, Union City,<br>California 94587<br><br>Name: Jerry Hayes<br>Address:<br>4809   Jefferson   Street   NE,<br>Albuquerque, New Mexico 87109<br><br>Constituting Service Upon: Pehaj<br>Truck Lines, Inc. d/b/a NK<br>Transport pursuant to N.M.S.A. §<br>38-1-et. seq. |

**TO THE ABOVE NAMED DEFENDANT(S)**: Take notice that

**1.**      A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

**2.**      You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA)  The Court's address is listed above.

**3.**       You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

**4.**      If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

**5.**      You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

**6.**      If you need an interpreter, you must ask for one in writing.

**7.**      You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Santa Fe, New Mexico, this __07__ day of __January__ , 2022.

SERVICE RETURN ATTACHED

KATHLEEN VIGIL

ATX Process, LLC
604 West 9th Street
Suite B
Austin, TX 78701

CLERK OF DISTRICT COURT

By: _Bernadette Alexander_
Deputy



S. Burgess Williams
**ZINDA LAW GROUP**
8843 North Capital of Texas Highway
Suite 304
Austin, Texas 78759
(512) 246-2224 Office
(512) 580-4252 FAX
neil@zindalaw.com
**Service of Documents: service@hzfirm.com**

*Attorney for Plaintiff*

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

SERVICE RETURN ATTACHED

ATX Process, LLC
604 West 9th Street
Suite B
Austin, TX 78701

# AFFIDAVIT OF SERVICE

**State of New Mexico**      **County of Santa Fe**      **1st Judicial District Court**

Case Number: D-101-CV-2022-00060

Plaintiff:
**Angela Carson and Brennan Moores,**
vs.
Defendant:
**Pehaj Truck Line, Inc. d/b/a NK Transport and Charanjit Singh**

For: Zinda Law Group, PLLC

Received by ATX Process, LLC on the 12th day of January, 2022 at 10:38 am to be served on Pehaj Truck Lines, Inc. d/b/a NK Transport by serving its registered agent Jerry Hayes, Complete Compliance Services, LLC, 4809 Jefferson Street NE, Albuquerque, Bernalillo County, NM 87109. I, _Juan Rivera_, being duly sworn, depose and say that on the _14th_ day of _January_, 20_22_ at _11:40_ a.m., executed service by delivering a true copy of the **Summons and Plaintiffs' Complaint for Personal Injuries** in accordance with state statutes in the manner marked below:

(X) CORPORATE SERVICE: By delivering to _Jerry Hays_ _____ (individual accepting) as _CEO_ (title), at _4809 Jefferson St NE_ (street), _Albuquerque_ (city), _NM_ (state) _87109_ (zip code) _Bernalillo_ (county).

( ) PUBLIC AGENCY: By delivering to _____ (title) of the within-named agency at _____ (individual accepting) as _____ (street), _____ (city), _____ (state) _____ (zip code) _____ (county).

( ) SUBSTITUTE SERVICE: By delivering to _____ (individual accepting) as _____ (relationship/title) at _____ (street), _____ (city), _____ (state) _____ (zip code) _____ (county).

( ) GOVERNMENT AGENCY: By delivering to _____ (title) of the within-named agency at _____ (individual accepting) as _____ (street), _____ (city), _____ (state) _____ (zip code) _____ (county).

( ) NON SERVICE: For the reason detailed in the comments below.

COMMENTS: _____

I certify that I am over the age of 18, have no interest in the above action, and have the proper authority in the jurisdiction in which this process was delivered. The facts in this affidavit are within my personal knowledge and true and correct.

OFFICIAL SEAL
Jamie Columb
NOTARY PUBLIC - STATE OF NEW MEXICO
My Commission Expires: _2/13/22_

Subscribed and sworn to before me on the _21st_ day of _January_, _2022_ by the affiant who is personally known to me.

_Jamie Columb_
NOTARY PUBLIC

PROCESS SERVER # _N/A_
Appointed in accordance with State Statutes

**ATX Process, LLC**
604 West 9th Street
Suite B
Austin, TX 78701
(512) 717-5600

Our Job Serial Number: 2022000386
Ref: Angela Carson and Brennan Moores